| | |
|---|---|
| **MID-CENTURY INSURANCE COMPANY,** | : |
| | : **UNITED STATES DISTRICT COURT** |
| | : **DISTRICT OF NEW JERSEY** |
| **Plaintiff,** | : |
| | : **Civil Action No. 19-8564 (FLW)** |
| **v.** | : |
| | : |
| **RAYMOND NELSON, et al.,** | : **MEMORANDUM OPINION** |
| | : **AND ORDER** |
| **Defendants.** | : |

This declaratory judgment action now comes before the Court on an application by Plaintiff Mid-Century Insurance Company for leave to reopen discovery "for the limited purpose of conducting the deposition of Ryan Kreger" and conducting "a limited document request/exchange." *See* ECF No. 38. Ryan Kreger is the son of Plaintiff's insured, Maria Nelson. Plaintiff contends that Ryan lived in the insureds' household with Annamarie McIlvain, the mother of the decedent in this case, and "likely possesses first-hand knowledge of material facts regarding the coverage question at issue." *Id.* at 2.

The central issue in this case is whether Ms. McIlvain was a member of the Nelson household. Plaintiff 's request to reopen discovery is made pursuant to F.R.C.P. 16(b)(4) which permits the Court to amend a scheduling order on a showing of good cause. Plaintiff maintains that good cause exists to reopen discovery to permit Ryan's deposition and conduct related document discovery because 1) the discovery sought is limited in scope and can be obtained in a short period of time; 2) the discovery sought will likely lead to discovery of admissible evidence; 3) Plaintiff as not been intentionally dilatory; 4) the deposition sought will prevent unfair surprise; and 5) a trial date in this matter and/or the underlying wrongful death matter (pending in the Superior Court of New Jersey) is not imminent due to current Covid-related restrictions.

Defendants David Hynes, Annamarie McIlvain, and the Estate of Lucas Z. Hynes oppose Plaintiff's application. *See* ECF No. 39. In sum, Defendants argue, Plaintiff was aware of the living arrangements involving Ryan and Ms. McIlvain in the Nelson household prior to its commencement of this action and chose not to depose Ryan at any time during the discovery period or before filing its motion for summary judgment.

1

Specifically, during its pre-suit investigation Plaintiff conducted two examinations under oath ("EUO") of Raymond Nelson (*i.e.*: on November 1, 2018, and January 23, 2019). During the first EUO, Mr. Nelson testified that Ryan and Ms. McIlvain shared a room in the Nelson house. During the second EUO, Mr. Nelson testified further as to the relationship between Ryan and Ms. McIlvain. *Id.*at 2.  No other EUOs were conducted by Plaintiff prior to filing the instant action on March 14, 2019.

The only deposition conducted by Plaintiff in this case was that of Ms. McIlvain who testified about her friendship with Ryan, her son's school attendance, the payment of rent, and related topics. *See* ECF No. 39 Exhibit C. According to Defendants, these topics were also covered in detail during depositions that were conducted in the underlying wrongful death case. ECF No. 39 at 3.  Defendants point out that "[P]laintiff chose not to depose any other defendants, subpoena any facts [sic] witnesses, including Ryan Kreger, or serve any written discovery requests prior to the March 30, 2020 deadline for completion of fact discovery set forth in the Scheduling Order." *Id.*  Defendants further observe that Plaintiff did not object to, or seek any extension of, the discovery period prior to filing its motion for summary judgment. "Now, one year after the close of discovery and the filing of the motions for summary judgment, the plaintiff has filed an application to re-open discovery in order to depose a witness whom it has been aware of since before it filed this action and serve written discovery requests on the defendants." *Id.* at 4-5.  Accordingly, Defendants argue, Plaintiff can not demonstrate that good cause exists to grant the instant application.

Plaintiff replied to Defendants' opposition in a letter to the Court dated April 9, 2021 [ECF No. 40]. In short, Plaintiff maintains that by evading service of process Defendants McIlvain and Hynes "wast[ed] valuable time that would have been filled with the normal discovery exchanged in every case." *Id* at 1.  Without directly addressing Defendants' arguments in opposition to the application, Plaintiff maintains "there is still time to conduct the discovery that will allow a jury and the court to render a decision on a fully developed factual record.  Sixty days of discovery will not delay the trial date. Further, there are documents that exist, which directly affect the determination of the issue in this matter." *Id*.

The Scheduling Order that was entered in this case on December 2, 2019 [ECF No. 15] provided, in part, that "[a]ll fact discovery, including any third party depositions, is to be completed by March 30, 2020. No discovery is to be issued or conducted after this date."  No extension the discovery period was ever sought.

Plaintiff's motion for summary judgment was filed on March 3, 2020. ECF no. 21. Defendants' separate motions for summary judgment were filed on March 4, 2020. ECF Nos. 22, 23.  Nowhere in its briefing of these motions did Plaintiff argue that any additional discovery was necessary.

On October 5, 2020, Chief U.S. District Judge Freda L. Wolfson filed an Opinion and Order denying Plaintiff's motion for summary judgment and granting in part and denying in part Defendants' motions. *See* ECF Nos. 27, 28.

On December 3, 2020, Plaintiff submitted an application to the Court [ECF No. 30] seeking to reopen discovery solely to permit the deposition of Ryan Kreger. Defendants Raymond Nelson and Maria Nelson opposed Plaintiff's initial application [ECF No. 31].  In addition to arguing the absence of good cause, the Nelsons argued that Defendants would be prejudiced if Plaintiff were permitted to conduct additional "targeted discovery", after the Court rendered its decision on the summary judgment motions.  According to the Nelsons, "[t]he only way to prevent such prejudice would be to permit the Defendants to obtain additional evidence as well. However, they can not afford to do so and it is a violation of the FRCP's to seek an expansive reopening of the discovery period, i.e. re-deposing all the witnesses now that counsel has the benefit of reviewing Judge Wolfson's Opinion." *Id*.

Having considered the Plaintiff's initial application and the opposition thereto, on December 30, 2020, the Court denied the request to reopen discovery to permit the deposition of Ryan Kreger [ECF No. 32]. Although the Court's Order indicated that an Opinion was to follow, the instant application followed before the Court's Opinion was filed.

Pursuant to Fed. R. Civ. P. 16(b)(4), scheduling orders may only be modified to reopen discovery for "good cause and with the judge's consent." S*ee also J.G. v. C.M.*, No. 11–2887, 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014). The District Court has "broad discretion to control and manage discovery." *Cevdet Aksut Ogullari Koll, STI v. Cavusoglu*, No. 14–3362, 2017 WL 3013257, at *4 (D.N.J. July 14, 2017) (citing *Newton v. A.C. & Sons, Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ).

"The good cause standard is 'not a low threshold.'" *Cavusoglu*, 2017 WL 3013257, at *4 (quoting *J.G.*, 2014 WL 1652793, at *1). In evaluating whether discovery should be reopened, courts have considered "(1) the good faith and diligence of the moving party, (2) the importance of the evidence, (3) the logistical

burdens and benefits of re-opening discovery, [and] (4) prejudice to the nonmoving party." *J.G.*, 2014 WL 1652793, at *2. "[P]ermitting discovery extensions in the absence of good cause would 'deprive the trial judges of the ability to effectively manage the cases on their overcrowded dockets.'" *Cavusoglu*, 2017 WL 3013257, at *4 (quoting *Koplove v. Ford Motor Corp.*, 795 F.2d 15, 18 (3d Cir. 1986) ).

In this case, the Court finds that good cause does not exist to reopen discovery. The discovery Plaintiff now seeks was known and available to Plaintiff from the inception of the case and throughout the discovery period. No request to conduct the deposition of Ryan Kreger or to obtain the documents Plaintiff now seeks was ever made and no extension of the discovery period was ever requested. Allowing Plaintiff to conduct additional, "targeted" discovery after the Court's ruling on the parties' summary judgment motions would inevitably and justifiably result in requests for additional discovery by one or more of the Defendants (including the Nelsons who opposed Plaintiff's initial application on the grounds, among others, that they can not afford further litigation). Reopening discovery would impose an undue burden on the parties and the Court and, potentially, further motion practice which would undoubtedly delay the Trial of this action.

The Court conducted the Final Pretrial Conference on March 16, 2021. Ryan Kreger is identified in the Final Pretrial Order [ECF No. 37] as one of Plaintiff's witnesses. Nothing in this Memorandum Opinion and Order will preclude Ryan Kreger from testifying at Trial.

Accordingly, for the reasons stated, Plaintiff's application [ECF No. 30] is **DENIED**.

So **Ordered** on this 1st day of September, 2021.

   s/ Douglas E. Arpert
**DOUGLAS E. ARPERT**
**United States Magistrate Judge**